L. Bordelon, for the use, &c., v. J. M. Weymouth et als.

The receipt by the creditor of a check on the bank for the balance due him, it being understood that
the drawer of the check had then no money in bank, but would deposit money within two or three
days to meet it, is not a giving of time to the debtor which will discharge his surety.
A debt is not novated by a check on a bank given in payment of it.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
    *G. & E. E. Schmidt*, for plaintiff.   *Race & Foster* and *J. Leovy*, for defendants and appellants.

BUCHANAN, J.   This is a suit against sureties for balance of sales made by an auctioneer, and not paid over by him to the party who employed him to make the sales.

The evidence is rather confused as to the amount due.   The sales were made for account of a succession, and the administrator of the succession is the principal witness.   He states the amount now due by *Weymouth* to the succession to be five hundred and eleven dollars and fifty cents, which includes one hundred and eleven dollars and fifty cents " not claimed in the petition."   Yet this sum of five hundred and eleven dollars and fifty cents is the exact amount claimed in the petition.   The administrator must have meant to say that the item of $111 50 was not included in settlement and checks, of which he speaks immediately afterwards.

Again, the remaining testimony of the administrator shows that (exclusive of the $111 50 already mentioned) there was only $300 unpaid by the auctioneer, this being the amount of his check, which was refused payment at bank.

Total of auctioneer's indebtedness, according to our view of
    this testimony........................................$411 50
Upon which the auctioneer has paid...................... 100 00

Leaving balance now due...............................$311 50

The defence of the sureties is, that they have been released by the creditor giving time to their principal; and, secondly, that the debt was novated by taking a check in payment.

Neither of these pleas is sustained by the evidence.

The receipt by the creditor of a check on a bank for the balance due him, it being understood that the drawer of the check had then no money in bank, but would deposit money within two or three days to meet it, was not a giving of time to the debtor.

Neither is a debt novated by the creditor taking from his debtor a check on a bank for the amount due.   Such a check is nothing more than an order upon an agent, and cannot be viewed as giving a new debtor in the place of the original debtor, nor as substituting a new debt in the place of the original debt.

The universal practice of men in business is to keep their funds at a bank and to make payment through checks on the bank.   This custom is convenient, because it saves the necessity of carrying large sums of money about the person, and facilitates the keeping of accounts.   If the check is not honored, the parties are in the same situation as if no check had been given.

It is, therefore, adjudged and decreed, that the judgment of the District Court

BORDELON
v.
WEYMOUTH.

be amended, and that the plaintiff and appellee recover of the defendants and appellants, *in solido*, three hundred and eleven dollars and fifty cents, with legal interest from judicial demand, and costs of the District Court; those of appeal to be paid by the appellee.